UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――――

TYRONE ANTHONY BELL,

                Plaintiff,                        Case No. 1:07-cv-876

v.                                         Honorable Gordon J. Quist

PATRICIA CARUSO et al.,

                Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. In addition to Tyrone Bell, eighteen other prisoners were listed as plaintiffs in the caption of the complaint. However, Plaintiff Bell was the only person who signed the complaint. Plaintiff Bell lacks standing to assert the constitutional rights of other prisoners. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). As a layman, Plaintiff may only represent himself with respect to his individual claims, and may not act on behalf of other prisoners. *See O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973). Consequently, Tyrone Bell is the only Plaintiff currently recognized by the Court. This matter is before the Court upon Plaintiff Bell's motions for appointment of counsel (docket #3) and for class certification (docket #6). In addition, eight prisoners who were listed as Plaintiffs on the complaint now have moved for joinder (dockets #9-16) pursuant to FED. R. CIV. P. 20. For the reasons set forth below, all of these motions will be denied.

### Factual Background

        The events giving rise to the complaint occurred while Plaintiff Bell and the eighteen other prisoners listed as Plaintiffs in the caption of the complaint were incarcerated in the E.C.

Brooks Correctional Facility (LRF).  The complaint names as Defendants the Michigan Department of Corrections (MDOC) Director Patricia Caruso and the following LRF employees: Warden Mary Berghuis, Deputy Warden Rick Smith, Assistant Deputy Warden Bobbi Smith, Assistant Resident Unit Supervisor (ARUS) Joniva Scriven, ARUS John Fager, ARUS R. Brydon, Grievance Coordinator Jeff Minnerick, Quartermaster Barbara Allen, Medical Manager Charlotte Burdette, Medical Staff Judy Graciek; Corrections Officer (unknown) Winter, Shaun Griff and (unknown) Winters.

Plaintiff Bell claims that sometime in December of 2006, his laundry was returned from being washed at Michigan State Industries (MSI) with his laundry bag open and items missing. Plaintiff immediately informed Defendant Winters of the condition of his bag.  Winters instructed Plaintiff to send a kite to the Quartermaster, Defendant Allen.  In response, Allen informed Plaintiff that he would have to pay to replace the missing clothing.  Plaintiff filed a Step I Grievance on January 26, 2007, claiming that he did not have enough clothing to maintain proper hygiene because he had only one pair of pants and, thus, could not send out a pair to be laundered.  Defendant R. Smith denied Plaintiff's Step I grievance on February 1, 2007.  Plaintiff submitted his Step II Grievance appeal on February 7, 2007.  On February 16, 2007, Defendant Scriven conducted an administrative hearing regarding the missing clothing.  Scriven also told Plaintiff that he would have to pay to replace the missing items of clothing.  Defendant Berghuis denied Plaintiff's Step II appeal on March 2, 2007.  Plaintiff then filed a Step III appeal, which was denied by Defendant Berghuis on April 25, 2007.  Plaintiff also sought relief by filing a complaint with the MDOC Internal Affairs Office, filing a request for a declaratory ruling with Defendant Caruso, and filing a "Notice of Inhumane Treatment" with Defendant Berghuis.

The name of each prisoner listed in the caption of the complaint appears in the complaint followed by factual allegations relating to that prisoner's claims.  Some of the prisoners,

e.g., Edward Finley, Jr., Mario Cavin, Keith Winters, Robricus Lee Kelly and Joe Stackhouse, raise claims concerning clothing that allegedly was lost or damaged by MSI.   These prisoners claim that they were unfairly charged for the missing clothing following an administrative hearing.  However, the alleged losses occurred on different dates, involved different circumstances and often concern different Defendants.  Three of the prisoners listed in the complaint, Michael Neal, Terrance Raines, and Lamar Tanner, raise claims concerning the denial of medical treatment.  In many other instances, e.g., Lamar James, Anthony Ellis, Shaun White, J. Trejo, Jerry White, Anthony Harp, and Ray Wilcox, the complaint does not  provide any specific factual allegations whatsoever regarding the specific loss sustained by that prisoner, although they presumably claim to have clothing that was lost or damaged by MSI.

Plaintiff Bell and the purported class members seek declaratory and injunctive relief, as well as compensatory and punitive damages.

## Discussion

### I.      Motion for Class Certification

The purpose of class action suits are judicial economy and the opportunity to bring claims that would not be brought absent the class action because it might not be economically feasible to bring them as individual claims.  *See Reeb v. Ohio Dep't of Rehab. & Corr.,* 435 F.3d 639, 650 (6th Cir. 2006).  Federal Rule of Civil Procedure 23, which governs class certification, provides that:

> One or more members of a class may sue ... as representative parties on behalf of all only if (1) the class is so numerous that joinder is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The four prerequisites for class certification are respectively referred to as "numerosity, commonality, typicality, and adequacy of representation." *See, e.g., Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006); *Reeb*, 435 F.3d at 645; *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005); *Coleman v. Gen. Motors Acceptance Corp.,* 296 F.3d 443, 446 (6th Cir. 2002). If the requirements of Rule 23(a) are met, the person seeking class certification must also establish that the case satisfies one of the three types of class actions set forth in Rule 23(b). *Alkire v. Irving*, 330 F.3d 802, 820 (6th Cir. 2003). The first type of case maintainable as a class action is one in which separate actions by individual class members would risk establishing "incompatible standards of conduct for the party opposing the class," or would "be dispositive of the interests" of nonparty class members. Fed. R. Civ. P. 23(b)(1)(A) and (B). The second type of class action requires that the plaintiffs primarily seek injunctive or declaratory relief. Fed. R. Civ. P. 23(b)(2). The third type of class action requires that "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). *See also Alkire*, 330 F.3d at 820.

The plaintiffs bear the burden of establishing the right to class certification. *See In re Am. Med. Sys.*, 75 F.3d 1069, 1086 (6th Cir. 1996). The court's discretion in deciding whether to certify a class must be exercised within the framework of Rule 23. *Id.* at 1079 (citations omitted). Before certifying a class, the court must conduct a "rigorous analysis" of whether Rule 23 prerequisites are met. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). In making its analysis, the court may not consider the merits of the case, *see Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974), but must accept the allegations of the complaint as true and

- 4 -

resolve doubts in favor of the plaintiffs. *See Cross v. Nat'l Trust Life Ins. Co.*, 553 F.2d 1026, 1029 (6th Cir. 1977). The court may draw reasonable inferences from the facts before it. *See Senter v. Gen. Motors Corp.,* 532 F.2d 511, 520 (6th Cir. 1976).

With regard to numerosity, there is no automatic cut-off point at which the number of plaintiffs makes joinder impractical, thereby making a class-action suit the only viable alternative. *See Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004); *In re Am. Med. Sys. Inc.,* 75 F.3d at 1079. Plaintiff Bell alleges that there were eighteen Plaintiffs at the time of filing and that the number is growing. He contends that the number of plaintiffs is or will be so numerous that joinder of all members is impracticable. However, Plaintiff Bell does not clearly identify the potential class members and fails to provide any further factual allegations in support of his assertion that the number of plaintiffs would be too numerous to make joinder impractical. Certainly, the Court could efficiently manage a case involving eighteen Plaintiffs without certifying a class. Therefore, the Court concludes that Plaintiffs have failed to satisfy their burden of establishing that "joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1).

The commonality and typicality requirements "tend to merge," and together "serve as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class members are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Rutherford v. City of Cleveland*, 137 F.3d 905, 909 (6th Cir. 1998). Not every common question will suffice to satisfy the commonality requirement because, "at a sufficiently abstract level of generalization, almost any set of claims . . . could display commonality." *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1988). The test is whether there is "a common issue the resolution of which will advance the

- 5 -

litigation." *Id.* The purpose of the typicality requirement is to assure that the named representatives' interests align with those of the class. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The focus is on "differences between class representative claims and class claims that would defeat the representative nature of the class action." *Van Vels v. Premier Athletic Ctr. of Plainfield*, 182 F.R.D. 500, 510 (W.D. Mich. 1998). "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Sprague*, 133 F.3d at 397. The typicality requirement is met only if the plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to the claims of the other class members. *See Little Caesar Enter., Inc. v. Smith*, 172 F.R.D. 236, 242-43 (E.D. Mich. 1997). It is not met where a "named plaintiff who proved his own claim would not necessarily have proved anybody else's claim." *Bacon v. Honda of Am. Mfg.*, 205 F.R.D. 466, 481 (S.D. Ohio 2001).

In the instant case, the claims of the potential class members are not sufficiently similar to warrant class treatment. While some of the individual claims concern clothing that was lost or damaged by MSI, the alleged losses occurred on different dates, involved different circumstances and sometimes concerned different Defendants. As discussed above, three of the prisoners listed in the complaint raise claims concerning the denial of medical treatment and several other prisoners listed in the complaint fail to provide any specific factual allegations whatsoever regarding their claims. Based upon the individualized nature of each named Plaintiffs' claims and alleged injuries, this is not a case where a named plaintiff proving his own claims would prove the claims of any other named plaintiff or the claims of other members of the proposed class. Accordingly, the Court concludes that Plaintiff Bell has not met his burden of establishing the commonality and typicality requirements.

- 6 -

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Sixth Circuit has explained that this adequacy of representation requirement encompasses two criteria: (1) the representative plaintiffs must have common interests with unnamed members of the class; and (2) it must appear that the representative plaintiffs will vigorously prosecute the interests of the class through qualified counsel. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976). The Fourth Circuit has held that incarcerated, *pro se* litigants are inappropriate representatives of the interests of others. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Sule v. Story*, No. 95-1422, 1996 WL 170156, at * 1 (10th Cir. Apr. 11, 1996) (collecting cases). In numerous unpublished decisions, the Sixth Circuit has followed the Fourth Circuit's decision in *Oxendine*. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000); *Ballard v. Campbell*, No. 98-6156, 1999 WL 777435, at *1 (6th Cir. Sept. 21, 1999); *Giorgio v. Tennessee*, No. 95-6327, 1996 WL 447656, at *1 (6th Cir. Aug. 7, 1996); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at *1 (6th Cir. Apr. 25, 1996); *Barnes v. Dunn*, No. 91-5889, 1991 WL 243553, at *1 (6th Cir. Nov. 21, 1991); *Stanko v. Story*, No. 90-6549, 1991 WL 73257 (6th Cir. May 7, 1991). Accordingly, because Plaintiff Bell is an incarcerated, *pro se* litigant, the Court concludes that he is not an appropriate representative of the class.

Because Plaintiff Bell cannot satisfy the prerequisites of Rule 23(a), the Court need not consider whether he can establish that the case satisfies one of the three types of class actions set forth in Rule 23(b). Accordingly, Plaintiff Bell's motion for class certification will be denied.

II.      **Motions for Joinder**

Prisoners Therez Lee (docket #9), Michael Neal (docket #10), Jerry White (docket #11), Mario Cavin (docket #12), Anthony Earl Harp (docket #13), Edward Finley, Jr. (docket #14),

Keith Winters (docket #15) and Joe Stackhouse (docket #16) move for joinder pursuant to Fed. R. Civ. P. 20. Each of these prisoners was listed as a plaintiff in the caption of the complaint, but are not considered proper parties in this case because they did not sign the complaint. Rule 20 provides that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action." Rule 21 authorizes the court to dismiss any misjoined party or claim at any stage of a lawsuit. Fed. R. Civ. P. 21. "The manner in which a trial court handles misjoinder lies within that court's sound discretion." *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988).

Upon review of the complaint, it is apparent that the individual claims do not arise out of the same transaction, occurrence or series of transactions and occurrences, nor do the claims present a question of law or fact common to all Plaintiffs. As discussed above, while some of the individual claims concern clothing that was lost or damaged by MSI, the alleged losses occurred on different dates, involved different circumstances and sometimes involved different defendants. Moreover, three of the prisoners listed in the complaint raise claims concerning the denial of medical treatment and several other prisoners listed in the complaint fail to provide any specific factual allegations whatsoever regarding their claims. Accordingly, the motions for joinder will be denied. The prisoners seeking joinder may file individual civil rights actions asserting their own claims.

III.     **Motion for Appointment of Counsel**

Plaintiff Bell also moves for appointment of counsel. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The

Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989). Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position.

IV.    **Amended Complaint**

The complaint and supporting brief submitted by Plaintiff Bell contain factual allegations and claims concerning other prisoners who are not parties to this case. For purposes of clarity, Plaintiff Bell will be ordered to file an amended complaint setting forth only his claims within thirty days of this order. Plaintiff is required to file his amended complaint on the form provided by this Court. *See* W.D. Mich. LCivR 5.6(a). To assist Plaintiff, the Court will direct the Clerk of the Court to send to Plaintiff a copy of the form for a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's case number (1:07-cv-876) must appear on the front page of the amended complaint. If Plaintiff fails to submit an amended complaint in proper form within the time allowed, his action may be dismissed without prejudice.

<u>Conclusion</u>

For the reasons set forth above, Plaintiff Bell's motions  for appointment of counsel (docket #3) and for class certification (docket #6) will be denied. In addition, the motions for joinder filed by Prisoners Therez Lee (docket #9), Michael Neal (docket #10), Jerry White (docket #11), Mario Cavin (docket #12), Anthony Earl Harp (docket #13), Edward Finley, Jr. (docket #14), Keith

Winters (docket #15) and Joe Stackhouse (docket #16) will be denied.  These individuals will be stricken as named plaintiffs in this action.  Plaintiff Bell will be required to file an amended complaint setting forth only his claims within thirty days of this Order.

An Order consistent with this Opinion will be entered.

Dated:  November 5, 2007                          _____/s/ Gordon J. Quist_____
                                                              GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE