UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE BELL,

        Plaintiff,

Case No. 1:07-cv-876

Hon. Gordon J. Quist

vs.

PATRICIA L. CARUSO, *et al.*,

        Defendants.
_____/

## ORDER

Plaintiff filed this action on September 6, 2007. The court denied his attempt to join other plaintiffs and certify this as a class action. *See* docket nos. 17, 18. Plaintiff filed an amended complaint, which the court reviewed and directed to be served on February 12, 2008. Defendants have been given extensions of time to file their responses to the complaint, which, depending on the individual defendant, are due on either June 20, 2008 or July 16, 2008. *See* docket nos. 34, 39. On April 9, 2008, plaintiff served defendants with 11 requests for production of documents, 9 interrogatories, and 2 requests for admissions (containing 11 subparts). *See* docket no. 32. This matter is now before the court on defendants' motion to stay discovery (docket no. 31). Defendants' motion is unopposed.

The Federal Rules of Civil Procedure provide that the parties must make initial disclosures without awaiting a discovery request and that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" regarding a discovery plan. Fed. R. Civ. P. 26(a)(1); 26(d). The Rule 26(f) discovery conference must be held prior to the scheduling conference or issuance of a scheduling order under Fed. R. Civ. P. 16. However, because

plaintiff is a prisoner in the custody of the State of Michigan, this action is exempt from both initial disclosures under Fed. R. Civ. P. 26(a)(1) and the mandatory discovery planning conference under Fed. R. Civ. P. 26(f). S*ee* Fed. R. Civ. P. 26(a)(1)(B)(iv). Furthermore, prisoner cases, such as plaintiff's, are also exempt from the requirement in Fed. R. Civ. P. 16(b) that a scheduling and planning order be entered. W.D. Mich. LCivR 16.1(g)(iv). Defendants point out the interaction of these rules have resulted in virtually unregulated discovery in *pro se* prisoner cases:

> *Pro se* prisoner actions are typically excluded from some of the strictures of the federal rules of procedure as means of simplifying procedure in those cases. But this combination of rules produces an anomaly: instead of simplifying *pro se* cases, the rules seem to permit parties - and here in particular a *pro se* prisoner plaintiff - to burden the opposing party with unregulated discovery well before the real issues in the case have been developed. To permit such discovery to occur at this early juncture produces an undue burden on defendants.

Defendants' Brief at 3.

The court agrees with defendants that plaintiff's requested discovery is unduly burdensome at this stage of the litigation. Fed. R. Civ. P. 26(b)(1)(C)(iii) provides that the court must limit the extent of discovery otherwise allowed by the court rules if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues." Here, defendants have filed a dispositive motion raising a number of preliminary issues, such as plaintiff's failure to exhaust administrative remedies, plaintiff's failure to state a claim and qualified immunity. *See* docket nos. 41, 42. There is no reason for the parties to engage in discovery until the court has resolved the preliminary issues raised in the pending dispositive motion. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may

dispose of the case are determined"); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources") (internal quotation marks and citations omitted).

Furthermore, a stay of discovery is properly granted until the issue of immunity is resolved. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991). *See Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988) ("discovery in litigation against government officials should be halted until the threshold question of immunity is resolved"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 298-99 (6th Cir. 1986) ("a claim of immunity raises an interest in an early, and inexpensive, termination of the litigation").

Defendants' motion (docket no. 31) is **GRANTED**, and discovery is stayed until further order of the court.

**IT IS SO ORDERED.**

Dated:  June 25, 2008                                                /s/ Hugh W. Brenneman, Jr.
                                                                HUGH W. BRENNEMAN, JR.
                                                                United States Magistrate Judge