UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TYRONE ANTHONY BELL,

        Plaintiff,

v.                                                                              Case No. 1:07-CV-876

PATRICIA CARUSO, et al.,                            HON. GORDON J. QUIST

        Defendants.
_____/

### ORDER ADOPTING IN PART AND REJECTING IN PART
### REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections and Defendants' objections to the report and recommendation issued February 11, 2009, in which Magistrate Judge Brenneman recommended that Defendants' motion for summary judgment be granted on all claims against Defendants Patricia Caruso, Mary Berghuis, Rick Smith, Bobbi Smith, Jeff Minnerick, and Johnny Winters. The magistrate judge recommended dismissal of the claims against Caruso, Berghuis, Rick Smith and Bobbi Smith, and Minnerick because Plaintiff failed to allege that they directly participated in any alleged constitutional deprivation. The magistrate judge recommended dismissal of the claims against Defendant Winters because he did nothing more than speak with Plaintiff about his missing clothing and refer Plaintiff to the quartermaster. In addition, the magistrate judge recommended that Plaintiff's retaliation claim against Defendant Joniva Scrivens be dismissed because Defendants demonstrated that they would have taken the same action even if Plaintiff had not filed a grievance. Finally, the magistrate judge recommended denying the motion with regard to both Defendant Scrivens' assertion that Plaintiff failed to exhaust his claims against her and Plaintiff's Eighth Amendment claims against Scrivens and Defendant Barbara Allen.

After conducting a *de novo* review of the report and recommendation, the Court will accept it in part and reject it in part.

Turning first to Defendants' objections, the Court notes that Defendants raise issues regarding Defendant Scrivens' exhaustion argument and Plaintiff's Eighth Amendment claim. Because the Court concludes that the Eighth Amendment issue is controlling, it need not address exhaustion.

Defendants contend that the magistrate judge erred in concluding that they are not entitled to qualified immunity. The Court agrees, although for the reason that, even accepting Plaintiff's statements as true and construing all reasonable inferences in favor of Plaintiff, he has failed to establish an Eighth Amendment claim.

Plaintiff claims that because his pants were lost in the laundry, he had only one pair of pants for over four months. (Pl.'s Aff. ¶ 3.) During this time, on days that his one pair of pants were in the laundry, Plaintiff was forced to go to the dining hall in freezing temperatures in his meals wearing only his state-issued long johns and shorts. (*Id.* ¶ 4.) Plaintiff further states that on one occasion an officer refused to allow him to go to the dining hall wearing his long johns under his shorts. (*Id.* ¶ 5.) The magistrate judge concluded that Plaintiff has presented sufficient evidence to establish an Eighth Amendment claim because clothing is a "core" Eighth Amendment requirement and Plaintiff was forced to wear his shorts and long johns to the dining hall during the winter months. (Report & Recommendation at 11.) The magistrate judge further noted that "[e]xposure to Michigan winters without adequate clothing can obviously inflict pain. No legitimate government interest is served by withholding adequate clothing . . ." (*Id.* (quoting *Knop v. Johnson*, 977 F.2d 996, 1012-13 (6th Cir. 1992)) (internal quotations omitted). However, the Sixth Circuit has said that in considering whether an Eighth Amendment violation has occurred, a court must consider "'[t]he

2

circumstances, nature, and duration of a deprivation.'" *Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (quoting *Johnson v. Lewis*, 27 F.3d 726, 731 (9th Cir. 2000)).

In *Spencer*, the plaintiff alleged that during a ninety-day period he was housed in a cell in a block that was very cold, prompting the officers to wear their winter coats indoors, while the plaintiff and other inmates wore only their standard jump suits. To compound the problem, water leaked in through the ceiling and onto the plaintiff's mattress whenever it rained or snowed. The court concluded that even if the temperature inside the building was not as cold as the outside, the length of exposure to the cold conditions, combined with the leaking water, sufficed to create a genuine issue of material fact on the objective component of an Eighth Amendment claim. *See id.* at 728. In contrast, in *Harris v. Hulkoff*, No. 2:05-CV-198, 2007 WL 2479467 (W.D. Mich. Aug. 28, 2007), Judge Edgar adopted the magistrate judge's report and recommendation, which distinguished *Spencer* in holding that the plaintiff failed to establish an Eighth Amendment violation. In *Harris*, the plaintiff alleged that he was placed in a cold observation cell for a period of time without being given a suicide blanket. The magistrate judge noted, however, that in contrast to *Spencer*, the plaintiff was deprived of warmth for at most fifty-two hours, rain or snow did not leak into his cell, and the deprivation occurred during June, not in the middle of winter. *Id.* at *4.

In the instant case, Plaintiff alleges that he had only one pair of pants and on days that his pants were at the laundry he had to walk to the dining hall in long johns and his shorts. Plaintiff's own allegations show that while may have had to go without pants several days each week, this was not a daily occurrence. Moreover, Plaintiff only alleges that he had to walk to the dining hall in long johns. While this case is like *Spencer* in the sense that the alleged deprivation occurred during the winter months, Plaintiff alleges only that he was required to walk to the dining hall. Plaintiff does

not suggest that this walk took any more than five or ten minutes or that he was exposed to the cold for an extended period of time. These circumstances are different from those in *Spencer*, because Plaintiff was exposed to the cold only for brief periods of time, not on a sustained basis as in *Spencer*. Moreover, while long johns alone would be inadequate clothing for long periods of time outdoors during the winter months in Michigan, especially the Upper Peninsula, long johns provide some degree of warmth and adequate protection for a short walk to the dining hall. Finally, the fact that Plaintiff missed one meal over four months is merely a *de minis* deprivation. In short, Plaintiff has failed to establish a grave deprivation sufficient to establish a violation of his Eighth Amendment rights.

In his objections, Plaintiff focuses primarily upon the issue of exhaustion, but the Court's conclusion that Plaintiff has failed to establish a constitutional violation renders a discussion of that issue unnecessary. Plaintiff also raises issues concerning the dismissal of Defendants Caruso, Berghuis, Rick Smith and Bobbi Smith, Minnerick, and Winters, however, the magistrate judge adequately addressed the arguments in the report and recommendation. Similarly, Plaintiff's objections concerning the retaliation claim present no basis for rejecting the magistrate judge's recommendation to dismiss that claim. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 11, 2009 (docket no. 60) is **ADOPTED IN PART AND REJECTED IN PART**. The Report and Recommendation is adopted with regard to the dismissal of all claims against Defendants Caruso, Berghuis, Rick Smith and Bobbi Smith, Minnerick, and Winters, as well as Plaintiff's retaliation claim against Defendant Scrivens. The Report and Recommendation is rejected with regard to the denial of summary judgment on Plaintiff's Eighth Amendment claims against Defendants Scrivens and Allen, which will be dismissed.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 41) is **GRANTED**, and this case is **dismissed**.

This case is **concluded**.


Dated:  March 10, 2009                                             /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                            UNITED STATES DISTRICT JUDGE